## ROMNEY v. LYNCH.

No. 3621.   Decided July 22, 1921.   (199 Pac. 974.)

HIGHWAYS—STATE ROAD CONTRACTOR HELD NOT LIABLE UNDER HIS CONTRACT FOR INJURY TO TRAVELER ON ROAD, USED AS DETOUR, WHICH COUNTY WAS REQUIRED TO KEEP IN REPAIR. Though a contractor with the State Road Commission for construction of hard-surface roadbed on a state road stipulated that, if impossible to maintain it in condition for traffic during construction, a reasonable detour should be maintained and kept in good condition, and that dragging or scraping of the detour to make or keep it passable should be done at his expense as directed by the engineer, and that he should at all times provide and maintain a safe passageway for traffic and take all other precautions to prevent accident, he, having indicated as a detour a road, which, under Comp. Laws 1917, § 2800, and section 5848, subd. 15, is deemed a public highway, and which therefore, under section 2823, as amended by Laws 1919, c. 55, it was the duty of the county commissioners to keep clear of obstructions and in good repair, was not liable for injury to a traveler thereon from defects therein.[1]

GIDEON, J., dissenting.

Appeal from District Court, Second District, Davis County; *A. E. Pratt*, Judge.

Action by George Romney, Jr., against James A. Lynch, doing business as the Lynch Construction Company. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*O. W. Moyle* and *Moyle & Ray*, all of Salt Lake City, for appellant.

*Cheney, Jensen & Holman*, of Salt Lake City, for respondent.

[1] *Metcalf* v. *Mellen*, 57 Utah, 44, 192 Pac. 676, distinguished.

CORFMAN, C. J.

Plaintiff brought suit against the defendant for damages, alleged to have been sustained by him by reason of an accident caused by a defective county road or highway in Davis county.

In substance it is alleged by the complaint that on April 3, 1919, defendant entered into a contract with the State Road Commission for the construction of a hard-surface roadbed over and along a state road, commonly known as the Clearfield-Sunset Highway, being a part of the only continuous trade route between Salt Lake City and Ogden, Utah; that on August 17, 1919, defendant's operations upon said state highway, pursuant to said contract, were such as to render it impassable to vehicles for a distance of about two miles, and for which distance said road was closed to traffic; that thereupon it became the duty of defendant to provide another reasonably safe road or detour for the accommodation of the public traffic; that the defendant, disregarding his duty in that behalf, "negligently and carelessly designated, by means of painted and written directions erected along the roadside, as a part of such way or detour a certain public four-rod right of way in said Davis county for the purpose of accommodating traffic necessarily diverted from said Clearfield-Sunset Highway, which said detour or way was not in a reasonably safe condition for the use of traffic"; that on said 17th day of August, 1919, the plaintiff, while traveling by automobile from Salt Lake City to Logan, Utah, over said Clearfield-Sunset Highway, followed the said directions of the defendant by taking the said detour, and, upon meeting and while attempting to pass another automobile on the narrow traveled portion of said detour, was precipitated into a wash or ravine, occasioning the injuries of which he complains. Attached to and made a portion of the complaint was a copy of the contract entered into by defendant with the State Road Commission, wherein, among other things, it was provided:

"Sec. 7. *Keeping Road Open.* In order that traffic shall not be stopped, the contractor shall maintain the highway, or if it is impossible to maintain highway in fair condition during construc-

tion a reasonable detour shall be maintained and kept in good condition. Any necessary dragging or scraping of this detour to make and keep it passable must be done as directed by the engineer and at the expense of the contractor.

"*Obstructions and Guards.* The contractor shall, erect and maintain good and sufficient guards, barricades and signals on all sides of incompleted portions of the work which can be plainly seen by day and on which he must keep red lights at night, and must at all times take every precaution to protect the traveling public against accident.

"The contractor shall at all times provide and maintain a safe passageway for all traffic and shall take all other precutions to prevent accident or loss."

It is further alleged by the complaint that no warning signs of the defect in said detour were put up or given by the defendant whereby the plaintiff or other persons lawfully traveling over it might be apprised or warned of its dangerous condition, caused by the wash or ravine into which plaintiff was precipitated.

After defendant had answered the cause came on regularly for hearing before a jury, and thereupon plaintiff proceeded to offer evidence in support of the allegations of his complaint. Defendant objected to the introduction of any evidence on behalf of the plaintiff, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained by the trial court. Thereupon defendant moved for and was granted an order dismissing the complaint. Plaintiff appeals from the order of dismissal, and assigns as error said ruling of the court.

It is contended by plaintiff that by reason of the defendant's closing the state highway from travel and failing to provide a reasonably safe passageway or detour for the traveling public, and by pointing out and designating the Davis county road as a detour, he thereby adopted the latter as a detour and became legally responsible for its defective and dangerous condition; that at least it became his duty under his contract with the State Road Commission to point out or apprise travelers by timely and sufficient warnings of the presence of dangerous defects.

In support of this contention we are cited to the case of

*Metcalf* v. *Mellen,* 57 Utah 44, 192 Pac. 676, wherein it was held by this court that a paving contractor who had agreed with the State Road Commission, under a contract similar to the one here pleaded and relied upon by plaintiff, to guard unsafe places near the work and to do all things necessary to prevent accidents to the traveling public, was liable in damages to travelers who were injured by reason of the contractor's negligent failure to take the precautions provided for under his contract. In other words the provisions of the contract inured to the benefit of the traveling public. It should be kept in mind, however, that the facts in the Mellen Case were dissimilar to those in the case at bar. In the Mellen Case the accident complained of occurred on the precise highway which the contractor had, under his agreement with the/ Road Commission, undertaken to repair. As has been seen, in the present case the accident is alleged to have occurred on a public road which was under the management and control of the county commissioners of Davis county, and with which the defendant had nothing to do under his contract, or otherwise, unless it be held, as a matter of law, that defendant's directions to the traveling public to take the Davis county road as a detour burdened him with the duty of maintaining it in a reasonably safe condition for travel or that by warning signs or signals he should have apprised the public of its dangerous defects.

Under the provisions of Comp. Laws Utah 1917, §§ 2800, 5848, subd. 15, the Davis county road, on which the accident of which plaintiff complains occurred, is deemed a public highway. As such it was under the direction and supervision of the county commissioners of Davis county, and it was the duty of said commissioners to keep the road clear of obstructions and in good repair. Section 2823, as amended by Laws Utah 1919, c. 55.

It is therefore difficult to conceive upon what theory the defendant might be held to respond in damages for failure to keep in good repair the public road or highway in question. His contract with the State Road Commission was with respect to a state road, the Clearfield-Sunset Highway, and no

other. It is conceded, as it must be, that the defendant had the right to close that highway for the purpose of making repairs or resurfacing it. True it was, defendant's contract with the State Road Commission provided that in the event of his closing the Clearfield-Sunset Highway a reasonable detour should be maintained and kept in good condition under the direction of the State Engineer at defendant's expense. That he did not do. What he did do after closing the state road was to give notice or direction to the traveling public that it might detour or pass over the Davis county road, which was under the direction and supervision of the county commissioners of that county. The Davis county road was open to the public, and all who traveled or used it had the right to assume that it was in a reasonably safe condition. In and of itself the closing of the Clearfield-Sunset Highway had no causal connection with the plaintiff's accident on the Davis county road. That passageway was open and available for travel. The defendant and the plaintiff alike had the right to presume it was properly maintained and reasonably safe. The defendant's contractual relations with respect to the highways were wholly connected with the Clearfield-Sunset Highway. If any legal duty, express or implied, under the facts pleaded in plaintiff's complaint, rested upon the defendant to maintain the Davis county road reasonably safe for travel, then we have indeed entered upon a new field of personal liabilities for judicial investigation and determination.

If there be any principles of law or justice under which the defendant should have been held to respond in damages to the plaintiff for the defective condition of the Davis county road, by reason of which plaintiff's injuries were sustained, counsel in their brief have signally failed to point them out, and, unaided, we ourselves have been unable to conceive of such.

Let it be conceded, as was contention made by the plaintiff, that defendant by his acts in closing the Clearfield-Sunset Highway and directing travel to the Davis county road thereby adopted the latter as a detour, then as a matter of law we

think defendant had a right to use it for that purpose without assuming the responsibilities that rested upon the county commissioners of Davis county of properly maintaining it. If the public highways of this state are open and presumed to be reasonably safe for the legitimate use of all citizens alike, then what good reason can be assigned why a contractor may not properly and rightfully avail himself of their use as a detour for the traveling public while he is engaged in the performance of work, such as the defendant here was undertaking to do, without having visited upon him the results occasioned by the negligence of the officials whose plain statutory duty it was to properly maintain them? We think the facts stated in plaintiff's complaint were insufficient to constitute a cause of action against the defendant, and the judgment of the trial court should be affirmed. It is so ordered. Defendant to recover costs.

WEBER, THURMAN, and FRICK, JJ., concur.

GIDEON, J. (dissenting). The trial court sustained the defendant's demurrer to plaintiff's evidence. The court was of the opinion that the complaint did not state a cause of action. The provisions of the contract existing between defendant and the State Road Commission were for the benefit of the traveling public, and as plaintiff was one of the traveling public such provisions were for his benefit. *Metcalf* v. *Mellen*, 57 Utah 44, 192 Pac. 676. By section 7 of the defendant's contract with the State Road Commission it was stipulated as follows:

"In order that traffic shall not be stopped, the contractor shall maintain the highway, or if it is impossible to maintain the highway in fair condition during construction a reasonable detour shall be maintained and kept in good condition. * * * "

Also, by the provisions of section 8 of the contract, the contractor (defendant) was obligated to "at all times provide and maintain a safe passageway for all traffic and shall take all other precautions to prevent accidents or loss." It is likewise admitted by the demurrer that in repairing the highway the same was closed to traffic, and that defendant desig-

nated, "by means of painted signs and written directions erected along the roadside, as a part of such way or detour, a certain public four-rod right of way in said Davis county, for the purpose of accommodating the traffic necessarily diverted from said Clearfield-Sunset Highway." It is also stated in the complaint that said detour was not in a reasonably safe condition for traffic. We enter, then, upon a consideration of this case with these facts admitted: That defendant was under contractual duty in repairing the state highway to maintain and keep in good condition a reasonable detour for public travel; that the duty so imposed upon him by contract was for the benefit of the plaintiff; that defendant did close the public highway, and by signs indicated a county road as a detour. It is also admitted by the demurrer that the detour was not in a reasonably safe condition for public travel, and that that condition resulted in the injury to plaintiff. The only attempted defense is that the detour selected was over a county road, and that the defendant had no jurisdiction or control over that highway, and consequently cannot be charged with any neglect by reason of the defective condition of that county road. In my opinion that contention ignores wholly the duty assumed by the defendant under the contract with the State Road Commission. The defendant was under no obligation to select the county road as a detour, in fact was under no obligation to select any particular road, but he was under obligation, made so by the express provisions of the contract, to maintain a reasonably safe detour. That, admittedly, he did not do, and that, admittedly, was the cause of the injury suffered by plaintiff. I confess my inability to see in what way the fact that defendant selected a county road as a detour can in any way relieve him of his contractual obligation or duty. Let us assume, to illustrate, that the defendant had, without obtaining the consent of the owner, selected a road running over private property and designated that as a detour, and by so designating it as a detour sent plaintiff and the traveling public over such selected road, and let us suppose, further, that that detour was in such defective condition that the injury resulted. It

will hardly be contended under such state of facts that the defendant would not.be liable. Yet, manifestly, under the facts assumed, the defendant would have no jurisdiction or right over the road running over private premises, and could not and would not be permitted to go upon that road to repair it or put it in safe condition. I regard his duty to the plaintiff and the traveling public the same in either event.

For the reasons indicated, I cannot concur in the conclusions reached by the Chief Justice. I therefore dissent.