### WHITE v. WHITE CONSOLIDATED, Inc.
### No. 8909.

Circuit Court of Appeals, Seventh Circuit.
Oct. 24, 1946.

Oscar C. Strom, of Gary, Ind., Edmond J. Leeney, of Hammond, Ind., and Irving Herriott and W. Ward Smith, both of Chicago, Ill., for appellant.

James P. Gleason, of Michigan City, Ind., and Robert H. Moore, William J. Regan, and Wendell W. Goad, all of Gary, Ind., for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The appellee, herein referred to as the plaintiff, a resident of California, was employed by Edgar Clyde Ennis as a member of his band. This was a well-known radio band and in June, 1941, it had an engagement to play at the Palmer House in Chicago, Illinois. On the night of June 30, 1941, the band had an extra engagement to play at a U. S. O. show in Gary, Indiana. For this show Ennis paid the plaintiff an extra fee. The manager of the band chartered a bus in Chicago to transport the members of the band to and from Gary. While returning to Chicago with the band about one-thirty a. m. July 1, 1941, the bus collided with a pole of the Gary Railways Company located in the center of Broadway Street between 75 and 100 feet south of 23rd Avenue. As a result of this collision, the plaintiff was seriously injured.

Broadway, along which ran State Highway 55, was paved to a width of 66 feet at the point in question, including a twenty-foot strip in the center of concrete in which were the north and southbound tracks of the Gary Railways Company. Between the north and southbound tracks, beginning approximately 75 to 100 feet south of 23rd Avenue and extending southward several blocks were poles that supported the trolley wires of the street railway. North of 23rd Avenue the poles were back of the curb line. Except for this concrete strip, the street was paved with brick.

The appellant, herein referred to as the defendant, was a contractor engaged at the time under a contract with the Indiana State Highway Commission in resurfacing

with asphalt the brick pavement of Broadway from 20th Avenue to 26th Avenue. Under its contract with the State Highway Commission, the defendant was authorized and directed to pave one side of the street at a time, and at the time in question was resurfacing the west side of Broadway, south of 23rd Avenue. The defendant had no contract to repair the twenty-foot center concrete strip and had no control over that part of the street.

On the evening of June 30, 1941 the defendant placed warning signs north of 23rd Avenue and at the south curb of 23rd Avenue placed barricades across Broadway from the west curb to within 18 inches of the west rail of the south bound tracks and southward along that part of the street the defendant was resurfacing. The barricades consisted of oil drums with bomb torches on top of them and boards or trestles between the drums. The lights were visible for at least 500 feet. The barricades were authorized by and erected in a method approved by the State Highway Commission. East of the barricade at the south curb of 23rd Avenue was the twenty-foot concrete strip with the poles of the Gary Railways Company in the center, the first pole located approximately 75 to 100 feet south of 23rd Avenue. There was a space of approximately 12 feet between the poles and the barricades along the east side of the western strip the defendant was resurfacing. There was no watchman at the point in question. There were no signs on the barricades directing the traffic in any direction. The barricades, which were lighted by torches, closed that part of the street that was being resurfaced. There was no complaint about the barricades, or the lights thereon.

The Gary Railways Company maintained a light on its pole south of 23rd Avenue. There were no barricades or torches around the pole. The light on the pole was out at 8:30 P. M. The night was dark and it was raining. The driver was not familiar with the streets.

The plaintiff received Workmen's Compensation and allowances from the Travelers Insurance Company in the sum of $2,630.85. Under the law of what state the payments were made does not appear. The plaintiff also received $6,000 from the bus company and its driver in return for a covenant not to sue, and $7,034.80 from the Gary Railways Company in return for a similar covenant.

Upon a verdict for the plaintiff, judgment was entered, and the defendant appeals.

Several questions are presented but in the view we take of this cause, only one need be decided. That question is whether the defendant owed to the plaintiff a duty to use care in warning him of the existence of the pole placed by the Gary Railways Company on a part of the street over which the defendant had no control and which was in no way connected with the defendant's work or the part of the street it was working on and had barricaded.

The defendant did not create the situation of danger in the street where the plaintiff was hurt. It had no control over that part of the street. The obstruction was there when the defendant started its work there, having been placed there by the Gary Railways Company. The obstruction continued on southward in the street for several blocks by a succession of poles. It is important to remember that the defendant did not undertake to direct where traffic should go and above all that it had no control over nor had it assumed any control over that part of the street wherein the accident happened. The accident did not occur because the barricades were improperly placed, nor did it occur on that part of the highway within the control of the defendant. No duty to use care as to the obstruction placed by a third party in that part of the street over which the defendant had no control arose out of and by reason of the work the defendant was doing, or under its contract with the Highway Commission. When the defendant undertook to resurface the west side of Broadway it did not become responsible for obstructions placed by others in the center of Broadway where the defendant was not working and had no contract to work. That others had responsibilities and liabilities there is apparent from the plaintiff's recoveries from his employer, the bus company, and the Gary Railways Company. We do not think this defendant owed the plaintiff a duty to use care at the time and place of the accident. Hirsch v. Schwartz

& Cohn, Inc., et al., 256 N.Y. 7, 175 N.E. 353; Hendrickson v. Brooks, 40 N.M. 50, 53 P.2d 646; Romney v. Lynch, 58 Utah 479, 199 P. 974; Howard v. Knutson, 229 Mo. App. 267, 77 S.W.2d 158; Winders' Adm'r v. Henry Bickel Co., 248 Ky. 4, 57 S.W.2d 1009.

As the Appellate Court of Indiana said in Mahoney v. Sharp, 86 Ind.App. 180, 184, 156 N.E. 566, 567:

"It is true that a contractor must protect the public against obstructions in the highway resulting from his work, but no duty aside from the statute can be imposed on him to protect against obstructions placed by others."

Since the defendant owed no duty to the plaintiff to use care at the time and place involved in this case, the court erred in instructing the jury that the defendant did owe such a duty.

Judgment reversed.