### MITCHELL et al. v. WHITE CONSOLIDATED, Inc.
### No. 9683.

United States Court of Appeals
Seventh Circuit.
Nov. 1, 1949.

———◆———

Robert H. Moore, Gary, Ind., James P. Gleason, Michigan City, Ind., Jay E. Darlington, Hammond, Ind., for appellants.

Oscar C. Strom, Gary, Ind., Edmond J. Leeney, Hammond, Ind., Irving Herriott, Charles O. Parker, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs' several suits to recover damages for personal injuries were consolidated in the District Court. Defendant moved to dismiss the consolidated amended complaint for failure to state claims upon which relief could be granted. The court sustained the motion and entered judgment dismissing the complaint on March 15, 1948. Under Federal Rules of Civil Procedure, amended Rule 73(a), 28 U.S.C.A., an appeal could properly have been taken only within 30 days thereafter. However, for some reason not clarified by the record, plaintiffs perfected their appeal some 86 days after entry of judgment but within the 90 days allowed for an appeal under the formerly existing rule.

Upon review this court did not consider the merits of the judgment but dismissed the appeal on the authority of Ray et al. v. Morris et al., 7 Cir., 170 F.2d 498, because of the failure to appeal within the time prescribed by Rule 73(a) of the Rules of Civil Procedure. Upon certiorari, the Supreme Court, 336 U.S. 958, 69 S.Ct. 889, reversed and remanded the cause to us to determine "pursuant to Rule 86(b) of the Rules of Civil Procedure, 28 U.S.C.A., whether the application of amended Rule 73 (a) to this particular action would work injustice."

Plaintiffs claim substantial damages resulting, as they say, from the alleged negligence of defendant. If they are to be deprived of an opportunity to test the

validity of the judgment dismissing their assertion of rights of action they will have had no day in court on the merits. It may well be that their counsel, in the absence of wide-spread notice that the time for appeal had been reduced from 90 to 30 days, overlooked the change, but, if so, it would seem unjust to deprive their clients of a hearing upon their claims for substantial damages. Preston v. Aetna Life Ins. Co., 7 Cir., 174 F.2d 10. The Rules of Civil Procedure reflect a well considered policy to simplify the assertion and trial of civil rights; they discourage technicality and form and seek to bring about determination of the rights of litigants upon the merits and, to that end, are to be liberally construed. Fakouri v. Cadais et al., 5 Cir., 147 F.2d 667. Under the circumstances of this case, considering the purpose and intent of the rules and their underlying motivation, we conclude that it would work an injustice to plaintiffs to invoke amended Rule 73(a) against them. Accordingly we hold that they are excused from perfecting their appeal within 30 days.

Whether the judgment of the District Court that plaintiffs failed to state a cause of action was correct depends upon the averments of the complaint, pertinent portions of which follow. Defendant was a private contractor, resurfacing Broadway, a north and south street, in Gary, Indiana, 66 feet wide, in the central portion of which were located street car tracks and steel poles to carry trolley wires. The entire street was paved, the middle one-third by the trolley company. The public traveled over the car tracks and on both sides of them. Defendant was engaged in resurfacing the pavement on both sides of the highway but on only one side at a time, so as to leave the other open for traffic. At the time of the accident, it was working on the west side of the street, resurfacing about 20 feet between the curb and the street car lines. It had placed a barricade at each of the north and south ends of the area in which it was conducting operations and, at each of these barricades, yellow flare lights to warn the public. Plaintiffs were traveling south in a bus at night. The bus driver, approaching the barrier,

observed it and turned to the left so as to get to the east on to that portion of the highway still open to traffic. Some 75 feet or more to the south of the barrier was located the first of the trolley poles. Shortly after the driver turned into the road open for traffic, he struck this pole and the injuries complained of resulted.

In their amended complaint plaintiffs asserted, in addition to these facts, that at the time of the accident the statutes of Indiana provided that whenever any public highway shall be closed and the traffic is thereby obliged to make a detour around such closed highway, a barrier shall be erected "and a red light shall be displayed at each end or terminus of such closed * * * highway * * *," Section 36-1605, Burns' Ind.Sts.1933 and that, in addition to the barrier and in close proximity thereto, "a red light shall be installed and displayed in such manner as to be in plain sight of any person approaching * * * and * * * be kept burning from sunset to sunrise of each and every day during which such highway is closed to traffic." Section 36-1607, Burns' Ind.Sts.1933.

Plaintiffs complained further: "Plaintiffs would further state that the defendant in barricading said highway did carelessly and negligently do so in the following manner, to-wit: '(a) That when said public highway was closed, as aforesaid, and by reason of said facts the traffic was thereby obliged to make a detour around said closed highway, defendant at the time and place aforesaid, did not display a red light at said end or terminus of said closed highway and did not in addition to the barrier and in close proximity thereof have a red light installed and displayed in such manner as to be in plain view of any person including plaintiffs approaching such barrier and did not have such light burning at the time and place of plaintiffs' said accident which was between sunset and sunrise on the day aforesaid during which time such highway was closed to traffic contrary to the statutory and mandatory provisions of the sections 36-1605 and 36-1607, Burns' Revised Statute, 1933, being acts of 1921, Chapter 90, Section 1 and 3, page 190. On the contrary, defendant at said time and

place did not display or have installed a red light of any character but the only light of any kind then and there displayed or installed by defendant consisted merely of some bomb torches which consisted only of a flickering, smoking, yellowish, open flame which produced no red flame whatsoever.' " Having made these averments, the amended complaint concluded that all of the injuries to each of the plaintiffs were "the proximate result of each and all the acts of negligence of the defendant to the damage of each of said plaintiffs in the sum of * * *."

The parties agree that the original complaint was the same as that involved in White v. White Consolidated, 7 Cir., 157 F.2d 758, in which we held that the defendant owed to the plaintiff no duty to warn the plaintiff of the existence of the pole placed by the Gary Railways Company on a part of the street over which the defendant had no control and which was in no way connected with the defendant's work or the part of the street it was working on and had barricaded. We adhere to the rule announced in that case. But the complaint here has been amended to include the additional averment that defendant violated the Indiana statute in that its lights at the barricade, instead of being red, were yellow. As to this averment, of course, the previous decision of this court is not decisive, for the plaintiffs have injected a new feature upon which they base negligence, which was not included in the complaint in the White case. Our task, upon the merits, then, is to determine whether the additional averments over and above and in addition to those present in the White case, are such as to make of the amended complaint a sufficient statement of a cause of action.

Defendant, although admitting that, under the law of Indiana, the violation of the statute constitutes negligence per se, Rentschler v. Hall, 117 Ind.App. 255, 69 N.E.2d 619, contends that the complaint is fatally defective in that it fails to show that the alleged negligence of defendant was the proximate cause of plaintiffs' injuries. Plaintiffs, on the other hand, insist that the averment that the injury to each of the plaintiffs is "the proximate result of each

and all the acts of negligence of the defendant" satisfies the requirements of Rule 8(e), Federal Rules of Civil Procedure, which provides that "each averment of a pleading shall be simple, concise, and direct."

■ That Rule 8(e) authorizes pleading proximate cause as an ultimate fact seems obvious, but the Rule does not alter the substantive requirement that, in Indiana, in an action for negligence, the existence of a causal relationship between the negligence charged and the damage alleged must be shown by averments of fact before the complaint can be said to state a good cause of action. Baltimore & O. S. W. R. Co. v. Burtch, 192 Ind. 199, 134 N.E. 858; Indianapolis Abattoir Co. v. Neidlinger, 174 Ind. 400, 92 N.E. 169. See also 45 C.J. 1093 and cases there cited. We find no such causal relationship in the averments of the complaint now before us.

■ The essence of the complaint is that defendant was negligent in failing to display a red light in close proximity to its barricade, and in failing to give notice of the existence of the trolley pole located in the center of the street some 75 feet beyond the barricade. However, unless defendant was under a duty to do both these things, its failure to do them was not the proximate cause of the injuries, and, from the decision of this court in White v. White Consolidated, 7 Cir., 157 F.2d 758, and that of the Indiana court in Mahoney v. Sharp, 86 Ind.App. 180, 156 N.E. 566, it is apparent that defendant was under no duty to warn plaintiffs of the existence of the pole which had been erected, not by it but by the Gary Railways Company, and which was located in a part of the street other than that being repaired by defendant and over which defendant had no control. If a duty in that respect lay with the Gary Railways Company, that company's failure to discharge it did not create one upon the part of defendant. Defendant's duty was to protect the public against obstructions, barricades, or other dangerous conditions created by it in the performance of its work as a contractor, 43 C.J. 1113; the extent of this duty and the manner in which it was to be discharged were clearly set forth in the Indi-

ana statute, Sec. 36-1605 et seq., Burns' Ind.Sts. 1933, and it is upon a violation of that statutory duty that plaintiffs' action must stand or fall. No averments of the complaint express or imply any other fact out of which it can be said that the injuries complained of arose. Plaintiffs' claim discloses no causal relationship between the failure to have a red light and the injuries to plaintiffs.

Plaintiffs have suggested that the purpose of the Indiana legislature, in directing that, where a highway is closed or rendered impassable, a barrier shall be erected and a red light placed in close proximity thereto, was to warn the public of the existence of a dangerous condition in other parts of the road. In support of their position, they emphasize that the statute specifies that the light must be red and insist that such a light conveys to the motorist a meaning much different from that conveyed by a yellow light similarly placed. But, even were we to adopt this rather tenuous construction, we find nothing in the language of the statute which indicates that the legislature intended to extend the contractor's common law duty so far as to require him to warn against a dangerous condition created by another on property over which he had no control.

The plaintiffs have argued that "it suffices for us to show that there is at least one good charge of negligence, a charge of proximate cause, and a charge of damages." To this must necessarily be added that the charge of proximate cause must show a cause and result relation between that "one good charge of negligence" and the damages sustained by plaintiffs. Baltimore & O. S. W. R. Co. v. Burtch, 192 Ind. 199, 134 N.E. 858; Indianapolis Abattoir Co. v. Neidlinger, 174 Ind. 400, 92 N.E. 169. In this case, then, where the defendant's only duty was to warn the plaintiffs of any dangerous conditions which had been created by it, and where the plaintiffs' injuries resulted from the collision of the bus in which they were riding, with the trolley pole of the Gary Railways Company some distance away, on premises for which defendant was nowise responsible, it was incumbent upon the plaintiffs to show that defendant's violation of the Indiana statute bore a causal relationship to the injuries sustained by them. The allegations of the complaint not only fail to do this but expressly negative the existence of any such relationship. Paragraph 20 of the complaint alleges: "That by reason of said pole being unpainted as aforesaid, unlighted, as aforesaid, and without any red lights or any warning devices on it whatsoever, as aforesaid, or without any warning signs or red lights warning him of danger ahead, as aforesaid, the driver of said bus was unable to see said pole or know of its presence or of the danger ahead in time to avoid hitting said pole and the dangers incidental thereto and then and there by reason of said facts, the driver of said bus ran into said pole, then and there causing said bus to strike said steel pole with great force, then and there causing said bus to suddenly stop and then and there throwing plaintiffs against parts of said bus, then and there seriously, painfully, and permanently injuring each of the plaintiffs as hereinafter set forth." From the averments, it plainly appears that the collision in which plaintiffs were injured occurred because the trolley pole was unpainted, unlighted, and wholly devoid of any warning devices whatever, and because the bus driver failed to see it in time to avoid hitting it. On such a set of facts, the defendant could be held liable for plaintiffs' injuries only on the theory that defendant was under a duty to warn plaintiffs of the existence of the trolley pole. Having concluded that the Indiana statute imposed no such duty on the defendant, it follows that the complaint fails to state a cause of action and that the District Court properly dismissed it on that ground.

Plaintiffs are correct in their contention that proximate cause is ordinarily a question for the jury, but that does not preclude a court from dismissing a complaint which, although it alleges generally that each act of negligence charged therein was a proximate cause of the injuries on which the action is based, shows on its face that the only good charge of negligence

was not, as a matter of law, the proximate cause of those injuries and which, for that reason fails to state a cause of action.

The judgment is affirmed.