394 P.2d 151

Lowell A. WALKER, individually and as father and next friend of Richard B. Walker, John C. Needham, individually and as father and next friend of Charles E. Needham, Farmers Insurance Exchange, and Roy K. Stovall, Plaintiffs-Appellees,

v.

C & C CONTRACTORS, INC., Defendant-Appellant.

No. 7314.

Supreme Court of New Mexico.

July 20, 1964.

Schall, Sceresse, Underwood & Brown, Gallagher & Walker, Oliver E. Payne, Albuquerque, for appellees.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellant.

CHAVEZ, Justice.

This is an appeal from an action in both tort and contract, alleging negligence on the part of the defendant, and breach of a third-party beneficiary contract made by the city of Albuquerque and defendant-appellant contractor for the benefit of the traveling public.

Involved in the accident were the following plaintiffs-appellees: Roy K. Stovall, the driver of one car; Richard B. Walker, the driver of the other car, a minor who is represented by his father, Lowell A. Walker, who also sues in his individual capacity for loss of services; Charles E. Needham, a minor and passenger in the Walker car, who is represented by his father, John C. Needham, who also sues in his individual capacity for loss of services; and Farmers Insurance Exchange, the insurer of the Walker's car. Defendant-appellant is a contractor who was under contract with the city of Albuquerque for the construction of the "Campus Wash Storm Sewer."

The complaint stated alternatively in some twelve counts, a cause of action in tort for negligence and a cause of action in contract for the breach of a third-party beneficiary contract, alleging that defendant, under its contract with the city, created a necessary detour, altered traffic signs on the detour route, assumed a duty to maintain them and breached this duty, this breach of duty being the proximate cause of plaintiffs' injuries and giving rise to a contractual liability on the part of defendant. Defendant answered, denying the existence of any duty, tort or contract, and affirmatively alleged the defenses of contributory negligence and lack of proximate cause. Trial was held and judgment was awarded to plaintiff Stovall—$3,500, to plaintiffs Lowell A. Walker and Richard B. Walker—$1,500, to plaintiffs John C. Need-

ham and Charles E. Needham—$1,000, and to plaintiff Farmers Insurance Exchange— $417.06.

The facts giving rise to this appeal resulted from a contract between appellant and the city of Albuquerque for the construction of the "Campus Wash Storm Sewer" said contract containing, as one of its provisions:

"21. INTERFERENCE WITH TRAFFIC:

"The Contractor shall so conduct his work as to interfere as little as possible with traffic, and shall be subject to any regulations the City Traffic Engineering Department may require. The Contractor shall provide, when required or traffic conditions dictate, a safe substitute route for any public right-of-way obstructed, or occupied by his operations, and shall erect and maintain all necessary barricades, warning signs, detour signs, route markers, flares or approved flashers with flares, according to plans approved by the Traffic Engineering Department, and as specified under paragraph 20 of these specifications. He shall take all necessary precautions for the protection of the work and the safety of his employees and of the public. * * *

"The contractor shall contact, in writing or in person, the City Traffic Engineering Department 48 hours pri-

or to beginning construction work on any public street, alley, or easement, which, in any manner, will interfere with traffic, and together they shall establish an orderly sequence of construction operations which will minimize interference with traffic. Excavated material shall be piled·along the line of work in a manner to cause as little inconvenience as possible to public travel, and access to abutting property."

In the process of construction, appellant found it necessary to close certain portions of Central Avenue and, as a detour, provided the following route for west bound traffic on Central: North on Solano to Grand Avenue, an east-west street; west on Grand Avenue to Carlisle, a north-south street; south on Carlisle to Central Avenue.

Ordinarily, the traffic control at the intersection of Grand and Carlisle is accomplished by placing stop signs on the southwest corner, facing west, and on the northeast corner facing east, making Grand Avenue a stop street and Carlisle a through street. However, because of the detour, the stop sign on the northeast corner of the intersection stopping west bound traffic on Grand was covered with paper and later removed entirely. In its place, a permanent type stop sign was placed on the northwest corner of the intersection by the city, facing north, stopping south bound traffic on Carlisle. On the north side of the intersection, facing north, also in the center of Carlisle, was a temporary stop sign mounted on a portable sawhorse type of barricade. North bound traffic on Carlisle was stopped by another temporary stop sign on a sawhorse type barricade placed upon the southeast corner of the intersection. On the west side of the intersection, in the middle of Grand Avenue facing east, was a sawhorse type barricade with an arrow pointing south, directing traffic back onto Central Avenue.

At the time of the accident, all of the stop signs, except a stop sign stopping east bound traffic on Grand Avenue, were down and stacked upon the corners of the intersection making, in effect, a three-sided open intersection. The accident occurred at approximately 9:00 p. m. on February 20, 1961. Stovall was traveling south on Carlisle and Walker was traveling west on Grand. Both automobiles had their lights on and were traveling at a speed of about 25 or 30 miles per hour. Stovall testified that he saw the lights of Walker's car before the accident some 80 to 90 feet away, while Walker testified that he did not see the lights of Stovall's car until about two or three seconds before the impact. Stovall further testified that he had been out of town prior to the time of the accident and was unaware of the changes made in the flow of traffic.

Appellant's second point is determinative of this case. It states:

"II. The court erred in finding that the defendant was negligent."

This case is controlled by Hendrickson v. Brooks, 40 N.M. 50, 53 P.2d 646. In that case, appellant contractor was engaged in "oil surfacing" a new highway and, in the progress of the work, put up barricades and the usual warning signs directing the traveling public to the old highway, which roughly paralleled the new highway. There was a dip or ditch in the old highway which was unpaved and appellee, after turning onto the detour, struck the dip, overturned, and was injured. He brought suit against the contractor and, although he admitted that the maintenance of the old highway was to be done by the state highway department, he received judgment. On appeal, this court said:

" * * * the only question which need be considered is whether or not appellant owed a duty to the traveling public to erect and maintain caution signs on the old highway at the point where the accident occurred. Or, in other words, whether his neglect to put up and maintain such signs subjects him to liability for the injuries suffered by appellee."

In deciding the question, we quoted extensively from Romney v. Lynch, 58 Utah 479, 199 P. 974, and, in reversing the judgment, we held:

" * * * that a contractor working upon a highway, who has a right to and does divert traffic onto another state highway being maintained by the state highway commission, is not liable for injuries received in accidents due to defects in said state highway."

We see no real distinction between the dangerous intersection here present and the dangerous dip or ditch present in Hendrickson v. Brooks, supra. These permanent stop signs were under the exclusive control of the city, and appellant had no right to interfere with them in any way. In the Hendrickson case, the maintenance of the road was under the control of the state highway commission, not the contractor.

We, therefore, hold that a contractor working upon a city street, who has a right to and does divert traffic onto another city street, the permanent traffic control signs being under the exclusive control of the city, is not liable for injuries received in accidents due to the removal of the permanent traffic control signs on said city streets.

The judgment is reversed and the cause remanded to the district court, with direction to enter judgment for appellant.

It is so ordered.

CARMODY and MOISE, JJ., concur.