McAlpin *et al. vs.* Lee.

---

ROBERT C. MCALPIN *et al.*, plaintiffs in error, *vs.* SANDERS W. LEE, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. An instrument attested by a subscribing witness, is inadmissible except upon proof of execution by such witness, unless his absence has been satisfactorily accounted for.
2. Where, to ejectment by vendor against vendee, holding under bond, who has made default in payment of purchase money, a third person "who claims the possession and title to the premises against the plaintiff," is made a party defendant, a deed offered by her tending to show title out of the plaintiff, and to explain her possession, is admissible.
3. The fact that the plaintiff had proved his claim for the purchase money in the bankrupt court, as against the estate of the vendee, would not prevent his recovery.

Ejectment. Evidence. Witness. Deed. Bankrupt. Before Judge CLARK. Lee Superior Court. March Term, 1876.

Reported in the opinion.

W. A. HAWKINS, for plaintiffs in error.

R. F. LYON, for defendant.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff, on the demise of Sanders W. Lee, against Richard Roe and Robert

C. McAlpin, tenant in possession, to recover a certain described tract of land mentioned in the plaintiff's declaration. On the trial of the case, the jury found a verdict in favor of the plaintiff. It appears from the record and bill of exceptions that Lee, the lessor of the plaintiff, claimed title to the land in dispute under a deed executed to him by Mrs. Willoughby, that Lee sold it to Mims, taking his note for the balance of the purchase money due therefor, executing a bond to Mims to make him a title when the purchase money due for the land should be paid. Mims was adjudged a bankrupt, and Lee proved the debt due by Mims for the land in the bankrupt court. When the bond for title was offered in evidence by the plaintiff it had a subscribing witness to it. The defendant objected to its introduction in evidence until its execution had been proved by the subscribing witness. The court overruled the objection and allowed the bond to be proved by the plaintiff, and the defendant excepted.

It also appears from the record, that Julia E. Mims, who claimed possession and title to the land against the plaintiff, was made a party defendant, and on the trial offered in evidence a deed from James Laramore to Alexander Laramore, for the land in dispute for the purpose of showing an outstanding title in another, to-wit: Alexander Laramore, and to show that she claimed under him, which deed was of older date than the deed from Mrs. Willoughby to Lee, and older than her title, under which the plaintiff claimed. The deed so offered in evidence the court rejected, on the ground that she could not dispute the title of the plaintiff, whereupon the defendant excepted. The defendant also requested the court to charge the jury, that if the plaintiff had proved his debt due for the land in the bankrupt court, he could not recover, which request the court refused, and the defendant excepted.

1. The court erred in admitting the bond in evidence without proof of its execution by the subscribing witness, unless his absence had been satisfactorily accounted for.

2. The court also erred in rejecting the deed offered in evidence from James Laramore to Alexander Laramore by

Julia Mims, one of the defendants, who, as it is recited in the order making her a party defendant, "claims the possession and title to the premises against the plaintiff." Who Julia Mims is the evidence in the record does not inform us, or how or under whom she went into possession of the land. The deed offered was admissible in evidence under the statement of facts disclosed by the record. Whether she went into the possession of the premises in dispute under the plaintiff or under Laramore, the record is silent. The only evidence upon that point is contained in the order making her a party defendant, that she claims the possession and title to the premises *against the plaintiff*, and that being so, she was entitled to introduce the deed for the purpose of showing under whose title she went into possession, and under whom she claimed to hold it if she could have done so.

3. There was no error in the refusal of the court to charge as requested in relation to the plaintiff having proved his debt in the bankrupt court. The proof of the plaintiff's debt in that court did not defeat his legal title to the land if he had one.

Let the judgment of the court below be reversed.