## WOODSON *vs.* VEAL *et al.*

1. Bankruptcy of defendant in ejectment, pending the action, is no cause for suspending proceedings

2. A deed absolute upon its face, and assented to by the wife in writing, passes the legal title, though in fact made as a security for a debt, and though containing a covenant by the grantor for the surrender and release of homestead, and of all claim to twelve months' support out of the premises or the proceeds of their sale, and though containing an agreement that the grantor may re-purchase by paying to the grantees, on or before a specified day, the same amount of money as that set forth as the consideration of the deed; and though declaring that, in the event of failure so to pay and take a re-conveyance, the grantor "hereby empowers, ratifies and confirms any sale the said (grantees) may make of said premises, he first having thirty days' notice of their intention to sell; they (the grantees) having the privilege of selling either publicly or privately;" and though declaring, moreover, that "during the time of such thirty days' notice, and up to the time of such sale, he (the grantor) agrees to pay said (grantees), on the amount of the consideration of this deed, interest at the rate of twelve per cent. per annum; and after the time allowed him for the re-purchase of the premises shall have expired, he, the said (grantor) agrees to hold the premises as tenant of the said (grantees), subject to be ejected as tenant holding over; and should any litigation occur in consequence of the (grantor's) refusing to surrender the premises when so demanded as above, then he binds himself to pay all costs and attorneys' fees that the said (grantees) may incur in bringing and prosecuting such suit." These special matters do not tend to show that the legal title was not intended to pass, but rather that it was intended to pass, and that the grantees were to have the right of entry after the time limited for re-purchase had expired, in the event they did not elect to sell without entering.

3. If the grantor has an equitable right to compel the exercise of the power of sale in order to realize the surplus, he may still maintain a bill in equity, or an equitable action at law for that purpose. By an equitable plea to the action of ejectment, he might have accomplished the same result, by alleging that the market value of the land was in excess of the debt, and that, owing to his poverty, he was unable to redeem.

Ejectment. Bankrupt. Deeds. Mortgage. Practice in the Superior Court. Equity. Before Judge HILLYER. DeKalb Superior Court. September Term, 1877.

Veal and Minor brought ejectment against Woodson for certain land. The defendant pleaded that he had become a bankrupt. When the case was called for trial, the defendant moved that the proceedings be suspended because he had been adjudicated a bankrupt, presenting his plea and proper evidence of the bankruptcy. The court ordered the plea stricken and directed the case to proceed.

The defense set up is sufficiently indicated by the second head-note. The jury found for the plaintiffs. The defendant moved for a new trial upon the following grounds:

1. Because the court erred in striking the plea of bankruptcy, and in overruling the motion to suspend the case.

2. Because the court erred in the following charge: " Under the laws of this state, a person may hold a debt against another, and at the same time hold the legal title to real estate, although the only consideration for the conveyance to him of such real estate be to secure that debt. By a proper legal consideration of the deed or writing in question, one of its effects is to vest, on the happening of its conditions, the legal title in the plaintiffs, especially if the facts show that the defendant had attorned to plaintiffs as landlords and paid them rent. If the relation of landlord and tenant once *bona fide* existed, the tenant could not dispute the landlord's title without first yielding up possession."

3. Because the verdict was contrary to law and evidence.

As to the second ground, the judge stated that he read from the opinion, so far as pertinent and applicable, in 55 *Ga.*, 650.

The motion was overruled, and the defendant excepted.

GARTRELL & WRIGHT, for plaintiff in error.

L. J. WINN, for defendant.

BLECKLEY, Judge.

1. Bankruptcy adds no strength to the bankrupt's title to realty or personalty. A pending action of ejectment against

him is not to be arrested or delayed by the adjudication. Such an action treats him as a wrong-doer, a trespasser—as having the possession of property which does not belong to him, and as refusing to yield it to the true owner. Why should he be allowed to withhold it because he is a bankrupt? If any difference, the bankruptcy is a reason why the action should progress the more expeditiously, as he is the less able to pay rent while his occupation continues. If he is a bankrupt, let him get out, and make room for a more solvent tenant, or else come to trial and have the plaintiff's right to enter determined. 57 *Ga.*, 281, 601.

2. The deed on which the plaintiffs in ejectment rested their recovery, was intended to pass the legal title; and the intention ought to prevail. Such is the general rule in the construction of all contracts. Code, §2755. There can be no good reason why the rule should not apply to a conveyance of land. Where the parties do not intend a title, but only a legal mortgage, why should they adopt an absolute deed instead of a mortgage? It is precisely that they do intend, and deliberately intend, title to pass, that they eschew the mortgage, and make use of a deed absolute. Let them have their way. It is legal for them to have it; and when they have followed their own free election, they should meet with no disappointment. To constrain parties to abide by their own stipulations is a part of that same justice which protects them against being bound by stipulations into which they have not entered. The courts will not, and cannot, absolve men from their engagements, any more than impose upon them engagements to which they have not assented. Contract, with few exceptions, is free. Each man may make his own terms. One of the legal methods of securing a debt, is by passing title to the creditor. If that is the method chosen, there is no legal reason why both parties should not abide by the choice. While the debt remains unpaid, it is the right, both legal and moral, of the creditor to have the security to which his contract entitles him—not some other security, but that identi-

cal security. It ought to be the debtor's pleasure not to withdraw or impair it. Why should not both debtor and creditor comply with the contract into which they have voluntarily entered? There is no sounder law than that which recognizes the inviolability of contracts. The path of a legal tribunal is never more clear than when the question presented is, whether the intention of parties as embodied in their lawful agreements shall prevail or not prevail. In the deed before us, the special matters of detail as to the rights of the parties, and the mode of realizing them, tend to show, even more completely than the general form of the instrument, that the real intention was to pass title. It is expressly stipulated that there may be an entry by the grantees (the plaintiffs), and the grantor (the defendant) is made chargeable with the expense of any suit necessary for that purpose.

3. It is true there is a power of sale, and it may be that the exercise of that power would be beneficial to the grantor. But if so, and if he has an equitable right to compel its exercise, he may yet have that relief. Indeed, by making the requisite proof as to the property having a present marketable value in excess of the debt, he might have obtained a decree of sale on an equitable plea to the present action ; especially, if owing to his poverty, he is unable to redeem. The real end to be accomplished is that which the parties had in contemplation—the payment of the debt, and the surrender of the overplus, if any, to the debtor. That is honest; and in that the transaction should work out, if practicable.

Cited in the argument : Code, §§1954, 3809 ; 10 *Ga.*, 65 ; 9 *Ib.*, 157 ; 2 Story's Eq., §1016, and note ; *Id*., §1008 *et seq.*; 55 *Ga.*, 650 ; 54 *Ib.*, 45 ; Crabb Real Prop., §2202 ; 57 *Ga.*, 601; 43 *Ib.*, 230 ; Code, §2283 ; *Id.*, §2698 ; 16 *Ga.*, 615 ; 32 *Ib.*, 589 ; 38 *Ib.*, 263 ; Code, §2757.

Judgment affirmed.