### WALLACE *v.* COMMERCIAL BANK.

BECK, P. J.  1.  The transfer and assignment, by the British & American Mortgage Company Limited, of the deed of M. K. Wallace to the Prudential Life Insurance Company vested the latter company with the right to exercise the power of sale contained in the deed referred to; and the assignment by the Prudential Insurance Company to the Commercial Bank of Dallas was broad enough in its terms to convey and assign the same power to the last-mentioned company, and that company could exercise the power upon the happening of the contingency contemplated.

2.  The bankruptcy of the grantor in the original deed and his discharge in bankruptcy did not destroy the power contained in the original deed; for it was a power coupled with an interest.

3. The promise upon the part of the creditor made to the plaintiff in this case, that the time for the payment of the debt would be extended for one year, was without such consideration as would make the promise binding in law, and did not have the effect of preventing the exercise of the power in the deed according to its terms before the expiration of the period of extension which had been promised. *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940).

4. Accordingly, the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

No. 4502. DECEMBER 15, 1924.

Petition for injunction. Before Judge Irwin. Paulding superior court. July 12, 1924.

M. K. Wallace borrowed a sum of money from the British & American Mortgage Company Limited, and to secure the payment of the same executed a deed to the lands in controversy, in which was contained a power of sale in case of default in the payment of the principal or interest of the debt. Subsequently to the execution of this deed but before the debt was fully paid, Mrs. Lillie Wallace, the wife of the grantor, became the purchaser of the property from her husband. The British & American Mortgage Company Limited transferred and assigned its debt and interest in the title to these lands to the Prudential Insurance Company, which in turn sold and conveyed the same to the Commercial Bank of Dallas, Georgia. In the assignment first mentioned, after the usual words of grant, is the following language: "transfers, assigns and delivers unto the Prudential Insurance Company of America, heirs, successors, and assigns, all of its right, title, interest, property and possession, claim and demand at law or in equity, of, in, or to that certain deed [describing the same], together with all of its rights, powers, and privileges thereunder, also the indebtedness secured thereby and the promissory notes or note evidencing said indebtedness, also all its rights, title, interest, property and possession, claim or demand at law or in equity of, in, and to the real estate as described." And in the assignment from the Prudential Insurance Company the following words of conveyance and assignment are used: "transfers and sets over unto the Commercial Bank of Dallas, Ga., all its rights, title, and interest in and to a certain loan deed executed by M. K. Wallace to or for the use of the British & American Mortgage Co. Ltd., bearing date of December 12, 1916, . . . and whereas said deed was duly assigned by the British & American Mortgage Company Limited to the Prudential Insurance Company

of America by instrument of assignment, bearing date of November 1, 1919, . . the said Prudential Insurance Company of America does hereby for a valuable consideration remise, release, and forever quitclaim unto the said Commercial Bank of Dallas all of its rights, title, and interest in and to the following property, to wit [describing the same]. . . This assignment and quitclaim is made by the Prudential Insurance Company of America without recourse, and without impliedly or expressly warranting any of the matters contained in or which went to the making of the instrument."

*Mozley & Gann* and *H. B. Moss,* for plaintiff.

*A. J. Camp, A. L. Bartlett,* and *Lamar Camp,* for defendant.