## MAHONEY v. SHARP, ADMINISTRATRIX.

### [No. 12,656.   Filed May 17, 1927.]

HIGHWAYS.—*Road contractor not liable for injuries caused by unlighted obstruction placed in highway by county engineer to mark location of corner-stone.*—A contractor engaged in the construction of a highway was not liable for injuries to one traveling over the highway in the nighttime, such injuries being caused by an unlighted obstruction which consisted of a stone placed in the highway by the county engineer to mark the location of a corner-stone during the progress of the work.

From Whitley Circuit Court; *Arthur F. Biggs,* Judge.

Action by Edith Sharp as administratrix of the estate of John Sharp, deceased, against Edward Mahoney for the death of her decedent. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*J. W. Orndorf, Whiteleather & Bloom* and *Turner, Adams, Merrell & Locke,* for appellant.

*James M. Barrett, James M. Barrett, Jr., R. Earl Peters, Robert R. McNagny* and *Phil M. McNagny,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages for the death of her husband, John Sharp, due to the alleged negligence of appellant in failing to place

proper lights and barriers about a large stone placed by the county engineer of Whitley county in a public highway which appellant had contracted to improve, and a portion of which road, appellant then had under construction.

The complaint avers in substance that on or about December 28, 1922, appellant entered into a contract with the board of commissioners of Whitley county, Indiana, for the improvement of a certain public highway known as the "Aaron Mishler road." That prior to June 1, 1923, appellant, by his employees, entered upon the improvement of said highway under said contract and was engaged in said work continuously up to October 3, 1923, and thereafter. That on or about August 3, 1923, and preparatory to the grading of the highway above mentioned, the engineer employed by the surveyor of Whitley county, Indiana, and the assistant engineer for the construction of said improvement, in connection with the grading of said highway, had placed and raised markers at the point where various cornerstones were situated in said highway then in process of construction. That, among the cornerstones thus raised, was a certain cornerstone then located at the intersection of an east and west road with the highway then in process of construction. That said stone had been raised and placed in the following manner, to wit: Said engineer had excavated to a depth of about thirty inches below the surface of said highway for the purpose of locating said cornerstone, and, upon the top of said cornerstone, he had placed upright a glazed tile about two feet in length. That, on top of said glazed tile, he placed a stone and then proceeded to fill up around said stone and tile with earth, making a mound which extended up about six or ten inches above the surface of the highway. That said mound at this point was placed in about the center of said high-

way then in construction and between the wheel tracks. That, after the placing of said stone in the manner aforesaid, the action of the weather had washed away the earth around said stone, and on said October 3, 1923, and for several days prior thereto, the condition of said stone was such that it extended about thirteen inches above the surface of the highway, thereby creating an obstruction in the center thereof. That on said October 3, 1923, and several days prior thereto, appellant knew of the existence of said obstruction and the condition thereof, or by the use of reasonable care could have known that said cornerstone and the mound placed around the same constituted an obstruction in said highway which was dangerous to persons passing thereon.

That on said October 3, 1923, appellant had carelessly and negligently failed to place any barriers or warning signs or detour signs at the point of intersection of said road then under construction by him with the highway running east and west, nor had he placed any warning sign or barrier at or in the vicinity of said cornerstone, and that during the hours of darkness he had not caused to be placed at or near said obstruction any lantern or light of any kind to warn people traveling upon said highway of the existence of said obstruction.

That on October 3, 1923, at about 6:30 p. m., appellee's intestate was driving along said road proceeding northward from a point south of the point described. That he was driving a team of horses hitched to a farm wagon, to the rear of which was attached an ensilage cutter. At that time, appellant had negligently failed to place a barrier or warning sign near said cornerstone or in the vicinity thereof, and, as intestate approached, it was so dark that said cornerstone could not be distinguished without the aid of a light. That either said wagon or ensilage cutter attached thereto struck the

obstruction, thereby frightening the horses attached to said wagon, causing them to start forward rapidly, throwing said intestate to the ground and pulling and dragging the wheels of said wagon and said ensilage cutter over and across his body, thereby resulting in his death.

He left him surviving, as his sole heirs at law, his widow, Edith Sharp, and four minor children, all of whom were then dependent upon him for maintenance and support, and all of whom are now living.

To the complaint, appellant filed a demurrer for want of facts sufficient to constitute a cause of action, which was overruled, whereupon appellant filed an answer in general denial.

The cause was submitted to the jury for trial, which returned a verdict for appellee for $3,000, on which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the court's action in overruling his demurrer to the complaint and in overruling his motion for a new trial.

Both of these assigned errors present the same controlling question for our consideration, and that is as to whether appellant was required to place lights, signs or barriers about a stone placed in the public highway by the county surveyor, or by an engineer employed by the county surveyor, in the absence of an order or direction by the board of county commissioners to place such lights, signs or barriers.

Section 8688 Burns 1926, expressly provides that: "No contract for the construction or repair of any state, county, or township highway shall be awarded unless such contract shall contain a provision expressly stipulating that the person, firm or corporation to whom such contract is awarded, shall, *under the direction of the state highway commission, board of commissioners, or township trustee,* as the case may be, be held respon-

sible for the installation, maintenance and removal of such barriers and lights." (Our italics.)

There is no averment in the complaint that there had been any direction or order of the board of commissioners to install any kind of signs, lights or barriers in the vicinity of said stone.

It does not appear by any averment of the complaint, or by the evidence, that the stone was placed in the center of the highway by appellant, or by any one at his instance or direction. It was a marker placed for the purpose of marking the position of a corner stone, with which, so far as the averments of the complaint disclose, appellant, under his contract, had nothing to do. Such contract contains the following provision: "Second. Provided further that all corner stones or monuments or land lines must not be disturbed except by the personal direction of the engineer, who shall superintend the raising and sinking of the same."

In this case, it was an engineer in the employ of the county surveyor that placed the marker over the cornerstone so that it projected above the surface of the ground, and not appellant as a part of his duties under his contract. The obstruction involved was the result of an act of a public official, and not of the contractor. It is true that a contractor must protect the public against obstructions in the highway resulting from his work, but no duty aside from the statute can be imposed on him to protect against obstructions placed by others.

The judgment is reversed, with instructions to grant a new trial, and to sustain appellant's demurrer to the complaint.

Dausman, J., absent.