FRANKLIN *et al. v.* CRUCE, executrix, *et al.*

No. 12474. NOVEMBER 16, 1938.

*Roberts & Roberts,* for plaintiffs in error.
*Marvin A. Allison,* contra.

DUCKWORTH, Justice. 1. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. Accordingly, it may be stated as a general rule that a petition to a court of equity to cancel a deed as a cloud on the title of the

grantor, brought by the executrices of the grantor's estate, on the basis that it is void as representing a sale by a wife of her separate estate to her husband, for a valuable consideration, without an order of the superior court of her domicile, when there is no offer to return the consideration recited and acknowledged in the deed to have been received, is demurrable. *Echols* v. *Green,* 140 *Ga.* 678 (5) (79 S. E. 557); *Chandler* v. *Keese,* 160 *Ga.* 309 (127 S. E. 655); *Hendrix* v. *Bank of Portal,* 169 *Ga.* 264 (5) (149 S. E. 879).

2. However where, as in the instant case, it is alleged in an amendment to the petition that the consideration stated in the deed from the wife to the husband has been only partly paid to a stated amount, that the defendant has been in possession of the property so conveyed for a stated number of years, that the rents, issues, and profits for said period are at least a stated amount, and an offer is made to pay the defendant any difference between the consideration actually paid and the rents, issues, and profits, and the petition contains a prayer for general relief as well as for cancellation and injunction, such allegation by amendment is a sufficient compliance with the requirements of the Code, § 37-104, and it is not necessary that a formal tender of the consideration stated in the deed be made. See *Mayer* v. *Waterman,* 150 *Ga.* 613 (3) (104 S. E. 497); *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (6) (124 S. E. 722); *Southern Ry. Co.* v. *Williams,* 160 *Ga.* 541 (5) (128 S. E. 681); *Napier* v. *Adams,* 166 *Ga.* 403, 409 (143 S. E. 566); *Smith* v. *McWhorter,* 173 *Ga.* 255, 270 et seq. (160 S. E. 250).

3. In view of the above ruling, the trial court did not err in overruling a demurrer on the ground that the petition failed to allege that the consideration stated in the deed had been tendered before the filing of the suit. Whether or not, to entitle the petitioners to the relief sought, an offer to do equity, as made in the amendment to the petition, should have been made before the institution of the suit, is not a question presented to this court for decision by the demurrer and the ruling of the trial court thereon, which was the only ruling excepted to and upon which error was assigned in the bill of exceptions to this court.

*Judgment affirmed. All the Justices concur.*