## MYERS *v.* SANDERS *et al.*

(Division B. March 4, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[194 So. 300. No. 34076.]

Gilbert & Cameron, of Meridian, for appellant.

200

**Reily & Parker,** of Meridian for appellees.

**McGehee, J.,** delivered the opinion of the court.

There was a judgment rendered in the court below in favor of the appellees, who are the wife and children, respectively, of James Leonard Sanders, deceased, for damages sustained by them on account of his death,

which resulted when he fell from a truck while riding thereon as a guest of his kinsman, Willie Sanders, on U. S. Highway No. 11, south of Meridian, at a point where the highway was under construction pursuant to a contract between the appellant Ralph Myers, doing business as Ralph Myers Construction Company, and the state highway department. The accident occurred when the rear dual wheels on the right side of the truck ran across the edge of a pile of sand which had been unloaded in a portion of the graveled part of the highway for use in building some head walls to a culvert there underneath the road-bed.

On the afternoon of the accident, the said James Leonard Sanders and several other occupants of the truck were returning from Meridian, where he had purchased a radio, and which he was holding in his lap at the time of the accident while seated on the floor of the truck near the left edge thereof. There were no side planks to the truck body, nor other means available to this occupant by which he could steady himself as he rode along in that position over the new construction where obstructions and rough places were likely to be encountered.

The load of sand had been hauled that afternoon, and was unloaded so as to extend out some distance on the graveled portion of the highway, but so as to leave sufficient clearance for cars and trucks to pass. The contract required that the way be left open while the construction was in progress in such manner as to permit local traffic thereon. This requirement precluded the contractor from placing and maintaining such barricades as would have been effective to prevent general traffic. Privileges granted unto some members of the public, for particular and sufficient reason, as being the only means of ingress to and egress from their homes, will be taken by others for one reason or another, and often for no reason at all. In this instance, the preponderance of the evidence seems to support the contention that the new road at the place of the accident was being generally

used by a greater proportion of the traveling public, notwithstanding the fact that large detour and warning signs, painted in conspicuous colors and properly stationed, were maintained by the contractor so as to invite the general public to use for through traffic a detour graveled road—old Highway No. 11 as far as Basic City in a southeasterly direction—which was then being maintained by the state highway department, and had been so maintained and properly marked with "Highway No. 11" signs for several months prior to the accident in question. At Basic City this old Highway No. 11 was closed so as to prevent traffic following it back to the new construction north of West Enterprise and so as to divert the traffic from Basic City over the extension of the detour to East Enterprise.

In traveling south from Meridian on U. S. Highway No. 11, the pavement came to an end at or near the Clarke County line where there was a large striped sign painted in conspicuous colors as aforesaid, at the side of the road, about six by eight feet in dimension, on which there appeared in large letters the words "Caution" and "Road Under Construction," and there also appeared thereon a detour arrow and a hanging lantern. It was some four or five hundred yards south from this sign to where the detour road hereinabove mentioned—old Highway No. 11—turned off in a southeasterly direction from the southern course of the new highway then under construction. At this point of divergence there was another sign of the same size and design, and on which there appeared in large letters the words "Detour" and "Construction, Road Under". This sign was near the center of the road, around the end of which the cars would pass and travel onto and over the new construction. The truck passed both of these detour signs, leaving old Highway No. 11 at the second sign and traveling a short distance down the new road to where it ran across the edge of the pile of sand as hereinbefore stated. The failure of the driver to see the sand in time to avoid the accident

was, as he and other occupants of the truck testified, due to the fact that he had just passed another car or truck which raised such a dust as to obscure his vision.

All the occupants of the truck on which James Leonard Sanders was riding at the time of the accident knew that the road was under construction from the end of the pavement on south to and beyond West Enterprise. In fact, while en route north to Meridian that afternoon they had left the detour road at East Enterprise, which was being maintained via Basic City as aforesaid by the highway department, and had traveled another road until it intersected the road under construction, and thence over the new road north until they reached the pavement, passing the detour signs and warnings at the north end of the construction hereinbefore mentioned. This, however, was prior to the placing the pile of sand in the edge of the road by a truck driver of the appellant.

It appears that this portion of the highway was being made ready for the pouring of concrete thereon, and that under appellant's contract there remained to be done the work of sodding the shoulders and embankments, building the head walls for the culverts and keeping the graveled surface machined with blades and smoothed. As to whether it was absolutely essential, as a necessary incident to the completion of the culverts, that a load of sand be placed in the edge of the road for use in making the head walls thereof, as was done in the instant case, the record is virtually silent, except that it appears from a photograph introduced in evidence that it would likely have been very inconvenient, if not impracticable, to have unloaded the sand on the slanting surface of the road-bed near the end of the culvert or to have mingled it with the growth of vegetation usually found on the right of way outside the road-bed at that season of the year. The construction not having been completed by the contractor or accepted by the proper public authorities as a completed highway under the terms of the contract, it was only required that the same be kept and

maintained in a reasonably safe condition for the use of those traveling thereon and exercising a vigilant caution to keep a constant lookout for obstructions incident to the progress and completion of the work remaining to be done. Graves et al. v. Johnson et al., 179 Miss. 465, 176 So. 256. Also in the companion case of Graves et al. v. Hamilton, 184 Miss. 239, 184 So. 56, 57, the principle is recognized that a completed highway should be kept and maintained in a reasonably safe condition for those exercising ordinary care in traveling thereon, but when there are sufficient facts and circumstances to put a motorist on notice that a highway is under construction, the duty of the contractor in regard thereto only requires that it be kept and maintained in a reasonably safe condition for use "by those exercising vigilant caution and keeping a constant lookout." It cannot be questioned that this pile of sand could have been readily and easily seen by a motorist in the daytime if he were exercising a vigilant caution and keeping a constant lookout for obstacles, the presence of which he should have anticipated on a road under construction, except for the fact that in this instance his vision was obscured by the dust raised by another car or truck and for which the contractor was not responsible.

We are of the opinion that the failure of the driver of the truck, from which Mr. Sanders fell, to anticipate that his vision might be obscured by the dust from a passing car or truck, and his failure to have his own truck under such control as a vigilant caution and constant lookout would have occasioned, and so as to be able to stop his truck in such an emergency instead of proceeding on through the dust, was the sole proximate cause of the accident and injury complained of; and that therefore there could be no recovery against the appellant contractor under such circumstances. The proof discloses that the contractor had done everything that he could to keep the through traffic off the portion of the highway then under construction that would have been consistent

with his obligation to permit local traffic thereon; and in our opinion the placing of the load of sand in the edge of the gravel portion of the highway for use in building the head walls of the culvert underneath the same at that place was not a negligent but a reasonable exercise of his right to carry on the work to completion, since he left a sufficient clearance for the local traffic and for others to pass in safety when exercising the vigilant caution and constant lookout required of them in traveling over a highway known to be under construction.

A contractor would not be required to keep lights during the daytime on all piles of road material needed on the highway during the construction, nor should he be required to construct effective barricades around such materials, where in all probability the barricade would have likewise been obscured by the denseness of the dust through which the occupants of this truck say they were passing in approaching the scene of the accident; and which attempted safe-guards may have only tended to increase the danger, rather than provide a protection. They were not justified under the law in proceeding through the dust at unslackened speed under the assumption that a road under construction was free of obstructions.

From the foregoing views it necessarily follows that the peremptory instruction requested by the appellant should have been granted.

Reversed and judgment here for the appellant.