DUNN CONST. CO., INC., v. NAIL.

(In Banc. May 11, 1942. Suggestion of Error Overruled June 8, 1942.)

[7 So. (2d) 884. No. 34969.]

Patterson & Hobbs, of Jackson, and Rawls & Hathorn, of Columbia, for appellant.

R. H. & J. H. Thompson, of Jackson, for appellant.

**Henry Mounger, Hall & Hall** and **Bernard Callender,** all of Columbia, for appellee.

Argued orally by **H. W. Hobbs** and **C. V. Hathorn,** for appellant, and by **Lee D. Hall,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee, Nail, brought this action in the Circuit Court of Marion County against the Dunn Construction Company, Inc., appellant, to recover damages for a personal injury he received as the result of the wreck of his automobile which he was driving on Highway 24 in that county; which wreck, he alleged, was caused by the negligent failure of the Dunn Company, which he claimed had the highway under construction, to erect the necessary danger signs. There was a verdict and judgment for $1,500, from which judgment the Dunn Company appeals.

The wreck and injury occurred on the 25th of October, at 4:30 in the morning, therefore when it was dark. Nail, with three other men, were on their way from McComb to Hattiesburg. The highway runs east and west into, but not across, old highway Foxworth and Bogalusa, which runs north and south. The connection, therefore, makes a T. The entrance from Highway 24, going east to the old highway, is by means of two short curves, one to the right and one to the left. The wreck occurred at or near the entrance.

The defense of the Dunn Company was that (1) it had completed the construction of Highway 24, and therefore was under no obligation to erect and maintain danger signs. And, if mistaken, in that contention, (2) that it was guilty of no negligence proximately causing the wreck.

It is true that the Dunn Company had completed the work before the wreck and injury; but it is also true

that the highway department had not formally accepted the job as completed until afterwards.

We pretermit deciding the first question, and go to the second. We have reached the conclusion, under the following process of reasoning, that the Dunn Company was not liable for the wreck and injury, even though the job had not been completed, and accepted by the Highway Commission. Nail and two of his companions in the automobile testified that there were no danger signs that night at any place along Highway 24, as it approaches the old Foxworth highway; that they were traveling from 40 to 45 miles an hour, and it was so dark that they could not see more than 40 feet ahead; that when the junction between the two highways appeared it was impossible to stop, resulting in the wreck.

Eight witnesses testified on behalf of the Dunn Company. Some of them stated that before the wreck, and late in the afternoon of the day before, the following danger signs were up along the highway; about 600 feet west of the junction of the two roads there was a ''slow'' signal, about 300 feet west a ''danger'' signal; and at the east end, about 10 feet beyond the junction, there was a barricade and a red intermittent electric light sign. Some of them testified that on the morning after the wreck and injury all these warnings were up except the barricade and electric sign, which appeared to have been recently knocked down. The only evidence to the contrary was that of Nail, who testified that two or three days before the injury he passed over the road, and none of the warnings were there.

The care due the traveling public by the Dunn Company is well stated in Myers v. Sanders, 189 Miss. 198, at pages 204 and 205, 194 So. 300, at page 302, in this language: ''The construction not having been completed by the contractor or accepted by the proper public authorities as a completed highway under the terms of the contract, it was only required that the same be kept and maintained in a reasonably safe condition for the use of

those traveling thereon and exercising a vigilant caution to keep a constant lookout for obstructions incident to the progress and completion of the work remaining to be done.''

Surely, the Dunn Company did not owe the traveling public any greater duty than the master owes his servant. The master is due to furnish his servant a reasonably safe place to work, and reasonably safe instrumentalities with which to do the work. And if the master fails in either respect, still he is not liable unless he was affected either with actual or constructive notice of the defect causing the injury. Eagle Cotton Oil Co. v. Sollie, 185 Miss. 475, 187 So. 506, and cases cited in the opinion. The Dunn Company was not an insurer of the safety of the traveling public—its obligation was to exercise reasonable care and diligence. There was no evidence whatever that the Dunn Company knew the warning signs were down, if they were, or was affected with constructive notice that they were down. The overwhelming evidence was that they were all up the next morning, except the barricade and the electric sign, which appeared to have been recently knocked down. Taking Nail's testimony as true, that no warnings were there two or three days before, still that would not be sufficient to affect the Dunn Company with constructive notice. It was not required to keep a watch over the highway night and day, to see that the warnings were up. There was no evidence tending to show that the conditions existing on this highway were such as to require the Dunn Company, in order to guard the safety of the traveling public, to inspect it every day, or every two or three days, to ascertain if the danger signs were up.

It follows from these views that the Dunn Company was entitled to a directed verdict, because it had not failed in its duty to the public.

Reversed and judgment for appellant.