## THOMAS *et al. v.* STEDHAM *et al.*

No. 17649. Submitted November 13, 1951—Decided January 15, 1952.

*Murphy & Murphy, Gray Skelton, J. Robin Harris*, for plaintiffs.

*Shirley C. Boykin, Boykin & Boykin, C. V. Driver*, for defendants.

ALMAND, Justice. █ The main relief sought by the plaintiffs was the cancellation of a certain deed as being a cloud on their title. A true owner alone can maintain an action to remove a cloud on his title to land; and, in a petition for such purpose, facts must be alleged which show that the title is in the petitioner. *Weyman* v. *City of Atlanta*, 122 *Ga.* 539 (1) (50 S. E. 492). Equity will not cancel a deed as a cloud on the title of a petitioner in possession who has no title and whose only relation to the property is possession acquired under circumstances under which no prescription could be based. *Crawford* v. *Crawford*, 143 *Ga.* 310 (85 S. E. 192).

█ Our first inquiry is: do the facts alleged in the petition show that the plaintiffs have paper title to the land described in the deeds sought to be canceled? They claim title by inheritance from W. M. Thomas, who died in 1930. Conceding that the deed from the trustee in bankruptcy to "the estate of G. J. Holcombe" and the deed from Mrs. Mary Holcombe as administratrix of the estate of G. J. Holcombe are void as contended by the plaintiffs—at the time of the death of W. M. Thomas the

legal title to the property was not in him, for the reason that the heirs of G. J. Holcombe held title thereto by virtue of the warranty deed from W. M. Thomas to G. J. Holcombe. Though the deed was in fact given to secure a debt, the title passed to G. J. Holcombe, and it was not divested by the bankruptcy proceedings wherein Thomas listed the debt secured and was subsequently discharged from all his debts. Code, § 67-1301; *Broach* v. *Barfield,* 57 *Ga.* 601 (3, 7); *Jay* v. *Whelchel,* 78 *Ga.* 786, 789 (3 S. E. 906); *Broach* v. *Powell,* 79 *Ga.* 79 (3 S. E. 763). The title was not affected by the facts that Thomas returned the property as his own, and that the bankruptcy court sought to administer it. *Woodson* v. *Veal,* 60 *Ga.* 562 (1); *Thaxton* v. *Roberts,* 66 *Ga.* 704 (1); *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409); *Wallace* v. *Commercial Bank,* 159 *Ga.* 388 (2) (125 S. E. 845). Before the grantor in a security deed would become reinvested with title, he must pay or offer to pay the debt for which the security deed was given, and a discharge in bankruptcy of the debt of the grantor does not operate to satisfy the conditions of the security deed or reinvest title in the grantor. "If a man promises to pay money to get the title of his land back, he must pay it, no matter how old the debt is; an action on the debt being barred will not revest the title, or raise a perfect equity in his favor." *Jay* v. *Whelchel,* supra (p. 789). W. M. Thomas prior to his death could not have maintained an action to cancel the security deed to G. J. Holcombe without paying or tendering the amount of the debt, and his heirs at law are in no better position. The debt which the deed was given to secure being unpaid at the time of his death, he, Thomas, did not have title to the land which would descend directly to his heirs. *Humphrey* v. *Smith,* 142 *Ga.* 291 (1) (82 S. E. 885); *Jones* v. *Laramore,* 149 *Ga.* 825 (7) (102 S. E. 526). Before the plaintiffs would be entitled to cancel the deed to Holcombe, they would have to either pay the debt or tender the amount of the debt. *Echols* v. *Green,* 140 *Ga.* 678 (5) (79 S. E. 557); *Cooper* v. *Peevy,* 185 *Ga.* 805 (1) (196 S. E. 705); *Franklin* v. *Cruce,* 187 *Ga.* 58 (1) (200 S. E. 135); *Smalley* v. *Bassford,* 191 *Ga.* 642 (2) (13 S. E. 2d, 662). The plaintiffs, being in equity, must at least offer to pay the debt secured. *Duke* v. *Ayers,* 163 *Ga.* 444 (4) (136 S. E. 410). The petition here, failing to allege

either payment or tender of the debt secured, is insufficient to show that the plaintiffs have a title by virtue of being the legal heirs of W. M. Thomas.

However, it is asserted that, if the petitioners do not have a good record title to the property, they have a prescriptive title by reason of adverse possession for more than 20 years. Where one executes a security deed and remains in possession of the land described in the deed, his possession is under the grantee in the security deed and is not adverse to his title, and neither prescription nor the statute of limitations is available as a defense to an action in ejectment founded on the security deed. *Jay* v. *Whelchel,* 78 *Ga.* 786, supra (2); *Johnson* v. *Hume,* 163 *Ga.* 867 (1) (137 S. E. 56). Under the allegations of the petition in the instant case, the possession of W. M. Thomas at the time of his death was not adverse to the holder of the security deed, and the subsequent possession of one of the petitioners cannot be said to be adverse to the holder of the security deed, no facts being alleged which indicate any time at which the grantor's right of re-entry accrued, or when the possession of the plaintiffs ceased to be permissive and became adverse. The petition thus fails to show that the plaintiffs held prescriptive title by reason of 20 years' adverse possession.

Whether or not the provisions of the act of 1941 (Ga. L. 1941, p. 487; Code, Ann. Supp., § 67-1308), providing for reversion of title to the grantor in a security deed at the expiration of 20 years from the maturity of the debt secured, are applicable to the facts in this case, is not passed upon, for the reason that the plaintiffs do not claim title to the property described in the deeds sought to be canceled by reason of a reversion after the lapse of 20 years; but, according to their contention, because the debt secured had been discharged in bankruptcy, and that by the laws of descent and distribution, they succeeded to the title of the grantor, W. M. Thomas, in 1930. Nor do we determine whether the provisions of the act of 1937 (Ga. L. 1937, p. 755; Code, Ann. Supp., § 85-417)—providing that prescription shall not run against the owner or holder of a deed to secure debt conveying an interest in real property, in favor of a person who has actual or constructive notice of such instrument—apply in the instant case.

Whether the allegations of the petition as to the judgment in the dispossessory proceeding in favor of the defendant and against the plaintiff Mrs. Thomas negative the allegation that the plaintiffs, as tenants in common, are in possession of the property, and render the petition subject to general demurrer on the ground that the facts alleged do not show that the plaintiffs are in possession, does not require any ruling here, in view of our ruling that the plaintiffs do not allege sufficient facts to show that they had title to the property. Compare *Moore* v. *Moore,* 188 *Ga.* 303 (1) (4 S. E. 2d, 18).

The prayer of the plaintiff for a money judgment does not save the petition from being subject to the general demurrer, for the reason that there are no allegations of fact in the petition that support this prayer. There are no pleaded facts upon which a jury could determine what was the value of the land when the plaintiff Clarence Thomas went into possession, nor when the suit was instituted, nor what the improvements consisted of, nor what their value was. See *Sandt* v. *Mason,* 208 *Ga.* 541 (2) (67 S. E. 2d, 767).

The petition being subject to the general demurrer of Mrs. Stedham, the only resident defendant, the court upon sustaining her demurrer properly dismissed the petition also as against the Sheriff of Haralson County, a non-resident. *Moore* v. *Atlanta Joint Stock Land Bank,* 176 *Ga.* 697 (6) (168 S. E. 558).

There was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*