## VANDERWALL *v.* GOODWIN.

1. HIGHWAYS AND STREETS—STATE HIGHWAY SYSTEM.

The State highway commissioner is given supervision and control over the State highway system and has the responsibility to survey and plan for the construction and maintenance of those highways (CL 1948, § 250.31).

2. SAME—ROAD CONSTRUCTION CONTRACTOR—HAZARDS—WARNINGS.

Defendant road construction contractor was not under a legal obligation to warn of a hazardous condition on a public highway that it had no part in creating and in an area over which it had no supervision and control.

3. SAME—HAZARDS—LIGHTING OF SIGNS—PROXIMATE CAUSE.

Failure of road construction contractor to provide adequate lighting of stop sign at end of construction where road joined another State highway, as he was required to do by his contract, would not be a proximate cause of injuries to plaintiff, a passenger in a car operated over new construction, where such car had stopped and injuries occurred as car proceeded on across the previously constructed highway and into a ditch beyond the area of construction, since the stop sign had served its purpose irrespective of absence of lighting.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ROAD CONSTRUCTION CONTRACT—PROXIMATE CAUSE.

It is unnecessary to determine whether road construction contract created obligation on part of contractor for the benefit of those using the highway, where plaintiff's declaration did not show a breach of his contractual obligations having a causal relation to plaintiff's injuries.

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur, Highways § 55.
[3] 25 Am Jur, Highways § 377.

Appeal from Allegan; Smith (Raymond L.), J. Submitted October 9, 1953. (Docket No. 50, Calendar No. 45,861.) Decided November 27, 1953.

Case by Doris Vanderwall against Carl E. Goodwin and others, copartners doing business as Carl E. Goodwin & Sons, for damages suffered when the automobile in which she was riding ran into ditch. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Beers & Caughey,* for plaintiff.

*Farrell, Folz, Paulson & Palmer,* for defendants.

Adams, J. Carl E. Goodwin & Sons, a copartnership, defendant and appellee, entered into a contract with the Michigan State highway department to construct a new highway known as US-31 from the village of West Olive, Ottawa county, south to the northerly edge of a State highway running east and west and known as M-21. No highway extends southerly from the intersection of the 2 highways. When the project was substantially completed, but before it was accepted by the highway department, it was opened to public traffic.

In the early morning of October 28, 1950, Doris Vanderwall, plaintiff and appellant, was riding in an automobile driven by her husband, now deceased, in a southerly direction on the new highway. Near the intersection of the 2 highways and northerly of the terminus of US-31 was an unlighted "stop" sign. Plaintiff's driver stopped before entering M-21 and then proceeded across that highway and into a deep ditch on the opposite side of the road. Plaintiff suffered severe physical injuries as a result of the abrupt stop.

Subsequently she commenced an action at law against the defendant to recover monetary damages

for her injuries.  Her declaration contained 2 counts, the first alleging that the defendant owed plaintiff a duty, as a matter of law, to adequately warn her driver of the hazardous ditch across M-21 from the terminus of US-31 and that the failure to give such warning constituted actionable negligence.  The second count alleged that the defendant had contracted with the State highway department to adequately warn the traveling public of hazardous conditions existing on the highway; that such obligation was for the benefit of the public; that the plaintiff was injured because her driver was not warned of the ditch, and that she was entitled to recover her damages from defendant because it negligently and wilfully breached its duty created by the contract.

Defendant promptly filed a motion to dismiss the cause of action on the ground that it owed no duty to the plaintiff either in law or by contract to warn plaintiff and her driver of hazardous conditions on highway M-21, a highway over which defendant had no control or supervision.

The circuit judge found that the declaration did not state a cause of action in either count and granted the motion to dismiss.  Plaintiff appeals from that order.

By State law, the State highway commissioner is given supervision and control over the State highway system and it is his responsibility to survey and plan for the construction and maintenance of those highways.

"All trunk line highways now or hereafter established as provided by law, shall hereafter be constructed, maintained and improved in accordance with the provisions hereof under the direction, supervision and control of the State highway commissioner.  Said commissioner is hereby authorized and directed to make surveys and proper plans and specifi-

cations and take charge of the construction and maintenance aforesaid." CL 1948, § 250.31 (Stat Ann § 9.881).

Pursuant to the authority granted by the above quoted statute, the highway commissioner entered into a contract with the defendant to construct a new highway to be known as US-31. It is not alleged in the declaration that the construction provided for in the contract encompassed any portion of highway M-21 or that defendant was responsible for the existence of the ditch on the far side of M-21 or that it took a part in fixing the location of the new highway which ended at M-21. It is plaintiff's contention, however, that since defendant was engaged to construct US-31, it was obligated to warn the traveling public of both the hazardous conditions which existed beyond the terminus of the project and of the necessity for making a right-angle turn when entering M-21.

Because the declaration makes no allegation in respect to such matters, we must assume for the purposes of this appeal that defendant did not dig, alter or repair the ditch or aid in establishing the location of the new highway. We think it follows that defendant was not burdened with a legal obligation to warn of a hazardous condition on a public highway that it had no part in creating and that existed in an area over which defendant had no supervision or control. The trial judge ably set forth the applicable law in his opinion granting the motion to dismiss the cause of action, wherein he said:

"Count one of the declaration alleges that defendant, as contractor, had the duty of adequately warning the users of the highway under construction of hazardous conditions. This duty certainly exists where the hazardous condition was created by the contractor or grew out of the construction work. 104 ALR 955. The difficulty with the plaintiff's

position is that the alleged dangerous condition arose out of the location of the new highway and not out of its construction. * * *

"This court is unable to determine that defendant had a common-law duty as the contractor of the new highway to warn the public of any danger that may have existed off the right-of-way under construction and not created by the contractor. It follows that count one should be dismissed because it fails to allege a cause of action."

In relation to the second count of plaintiff's declaration alleging a violation of defendant's contractual duty to the plaintiff, there appears in the standard specifications for road and bridge construction of the Michigan State highway department, which was made a part of the contract between the defendant and the State highway department, the following:

"When any section of road is opened to through traffic before all work on that section is completed, or while construction operations are being conducted thereon, the department will furnish and the contractor shall erect and maintain adequate warning signs at each end of the section and all points of hazard within such section. * * *

"All barricades, warning signs and points of special hazard shall be adequately lighted and a red danger light shall be displayed on all road closure barricades. * * * There shall be placed and maintained not less than 3 lights at each warning sign and barricade at the ends of the temporary route and at intersecting trunk lines, and not less than 2 lights at each advance warning sign."

It is upon those provisions that plaintiff bases her contention that defendant owed an obligation to warn of the hazardous condition on M-21. She says that defendant failed in the requirements therein specified. The sections quoted impose 3 duties upon the defendant, the first being to erect and main-

tain adequate warning signs at the end of each section; the second, to erect and maintain warning signs at all points of hazard within such section; and the third, to adequately light such signs.

Plaintiff says the "stop" sign at the end of US-31 was not properly lighted. That statement standing alone could be construed as an allegation of a breach of defendant's contractual duty, but plaintiff also alleges that the vehicle in which she was riding stopped at the intersection. Having stopped, any inadequacies or deficiencies in the sign that prompted the stopping would not be a proximate cause of a subsequent accident occurring on the far side of the intersecting highway after plaintiff's car had resumed its forward movement. The "stop" sign at the terminus of US-31 had served its purpose. No warning sign, regardless of type or lighting, could have given plaintiff more protection for she admits she stopped before entering M-21. While stopped at the end of the new highway, she was secure from injury. It was the later forward movement of the car into an area beyond the control and supervision of the defendant that led to her injury.

In relation to defendant's further obligation to maintain adequate warning signs at other points of hazard, the contract defines such points of hazard as being "within" such section. A hazardous condition on M-21 was not within that section of US-31 involved in the construction contract, and the contract between the State highway department and the defendant did not impose upon defendant an obligation to maintain warning signs beyond the limits of that highway.

In our opinion, the circumstances alleged in plaintiff's declaration do not show a breach of defendant's contractual obligations that had a causal relation to plaintiff's injuries. It therefore becomes unnecessary to determine whether the contract was of such

nature that it created an obligation on the part of the defendant for the benefit of those using the highway.

The order of the circuit court dismissing the cause of action is affirmed, costs to the defendant.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.