19008. SCHWARCZ *v.* CHARLTON COUNTY *et al.*

924

Argued July 11, 1955—Decided September 13, 1955—
Rehearing denied October 13, 1955.

*Franklin, Eberhardt, Barham & Coleman, O. W. Franklin, Jr.,
Wilby C. Coleman,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Tuten, Paul Miller,
Assistant Attorneys-General, R. A. Sapp, Deputy Assistant At-
torney-General, A. S. McQueen, Reese, Bennet & Gilbert, L. J.
Bennet, John Gilbert,* contra.

Almand, Justice. Doris Schwarcz filed her suit in Glynn Su-
perior Court against Seaboard Construction Company, a corpo-
ration with its principal office in Glynn County, and against
Charlton County, for personal injuries alleged to have been sus-
tained, by reason of a defective bridge in Charlton County, while
traveling over State Highway 23, south of St. George. Negli-
gence was charged against the county for maintaining a defective
bridge, and against the defendant construction company on the
ground that, while it was engaged in paving a section of the road
on which the bridge was located under a contract with the State
Highway Department, which had assumed jurisdiction over the
road, it negligently failed to place or cause to be placed within
reasonable proximity to the alleged defective bridge, a sign, barri-
cade, flare, or other form of notice warning users of the highway
as to the existence of the defective bridge. Charlton County,
jointly with the State Highway Department as "vouchee," filed
(a) a plea to the jurisdiction on the ground that Charlton County
alone had jurisdiction over the defendants; (b) general demur-
rers; and (c) an answer. The defendant construction company
filed general and special demurrers. The plaintiff filed a motion
to strike the name of the State Highway Department from all
defensive pleadings. She also filed a motion to strike the plea
to the jurisdiction filed by Charlton County and the State High-
way Department as "vouchee," it being alleged that the act of

1950 (Ga. L. 1950, p. 62), which provides that all suits against the State Highway Department shall be brought in the county in which the cause of action arose, if applicable in this case, was unconstitutional as being violative of art. 6, sec. 14, par. 4 of the Constitution of 1945. On a hearing, the court (1) denied the plaintiff's motion to strike the name of the State Highway Department from all defensive pleadings and strike it as a party defendant, (2) denied the motion to strike the plea to the jurisdiction, and (3) entered an order sustaining the plea to the jurisdiction filed by Charlton County and the State Highway Department as vouchee. All of the general and special demurrers filed by the construction company, and the general demurrers filed by Charlton County and the State Highway Department, were sustained, and the action was dismissed as to all parties defendant. In a bill of exceptions, the plaintiff assigns error on all of the above rulings.

■ The defendant Charlton County, and the State Highway Department as vouchee, upon the filing of the bill of exceptions in this court, filed a motion to dismiss the bill of exceptions, because the plaintiff in error failed to designate Seaboard Construction Company as a party defendant in error. The plaintiff in error thereupon filed an amendment in this court to the bill of exceptions, in which she named Seaboard Construction Company as a party defendant in error. The certificate of counsel for the plaintiff in error shows service of this amendment on counsel of record for Charlton County, the State Highway Department, and the Seaboard Construction Company. The original bill of exceptions shows that Seaboard Construction Company was a party defendant to the suit, that it filed general and special demurrers through its counsel, Reece, Bennet & Gilbert, and assigned error on the order of the court sustaining the general and special demurrers of the construction company; and the bill of exceptions contains a written acknowledgment of service of the original bill of exceptions, unconditionally waiving further service, by the record counsel for the construction company.

Service of the original bill of exceptions being perfected upon counsel for the construction company in the manner provided by Code § 6-912, it was amendable, under Code § 6-913, "by making any person a party defendant in error to the case who is

bound by such service although such person may not have been named in the bill of exceptions." Seaboard Construction Company being a party in the trial court, and its attorneys acknowledging service without reservation on the original bill of exceptions, it may be named as a party defendant in error by amendment in this court. *Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208 (1) (11 S. E. 2d 910). The bill of exceptions having been amended in this case as provided by the above Code sections, the motion to dismiss is denied. *Hayes* v. *Hayes,* 137 *Ga.* 362 (1) (73 S. E. 659); *Clinard* v. *Clinard,* 169 *Ga.* 199 (1) (149 S. E. 788).

■ We next consider the rulings of the trial court in refusing to ' sustain the plaintiff's motion to strike the name of the State Highway Department from all defensive pleadings filed by Charlton County and the State Highway Department as vouchee, and in refusing to strike the plea to the jurisdiction filed in the name of both of these parties, and further in sustaining the plea to the jurisdiction. The correctness of these rulings hinges upon the right of the State Highway Department, as vouchee, to file defensive pleadings in the case as a party defendant.

In our opinion Code § 38-624, which provides how a defendant having a remedy over against another may vouch such party into court, has no application here, but the case is controlled entirely by Code § 95-1710. Under Code § 95-1001, Charlton County is primarily liable for all injuries caused by reason of any defective bridge within its jurisdiction, whether erected by contractors or by county authorities. The allegations of the petition show that the alleged defective bridge maintained by Charlton County was a part of State Highway 23, over which jurisdiction had been assumed by the State Highway Department, and it had charge of the paving being done on the highway by its contract with the defendant construction company. Code § 95-1504. Under Code § 95-1710, it was the duty of the State Highway Department, when Charlton County was sued, to defend the suit and be responsible for all damages awarded against the county. After receiving notice from the county of the pendency of the suit, it was under the duty of defending the suit in the name of the county, with the right. and authority to adjust and settle, in the name of the county and in its own behalf, any claim for damages for which

it might ultimately be liable. The plaintiff could not originally have brought this action against the State Highway Department alone, or against the county and the State Highway Department jointly. *Hardin* v. *State Highway Board,* 185 *Ga.* 614 (196 S. E. 40) ; *State Highway Dept.* v. *Dayhoof,* 72 *Ga. App.* 34 (32 S. E. 2d 860). This Code section provides the only method and manner by which the State Highway Department may be held responsible for damages suffered by one by reason of a defective bridge maintained by a county. *State Highway Board* v. *Hall,* 193 *Ga.* 717 (20 S. E. 2d 21) ; *Davis* v. *City of Barnesville,* 80 *Ga. App.* 3 (54 S. E. 2d 915). The primary liability is against the county; the ultimate liability is against the State Highway Department. *Tounsel* v. *State Highway Dept.,* 180 *Ga.* 112 (178 S. E. 285) ; *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37). After the State Highway Department was served with notice of the pendency of the suit against the county, when it came into court to defend the suit it had the right, in the name of the county, to file any and all defensive pleadings to the suit that the county would have had the right to file. Not being subject to being made a party to the suit, it can not defend the action in its own name and raise issues which the county could not raise. If at the time of filing of the suit the court had jurisdiction over the county as a party defendant, such jurisdiction was not ousted by the filing of a plea to the jurisdiction by the State Highway Department or the county, on the ground that the court had no jurisdiction over it. Jurisdiction is determined as to those who are the real or actual parties to the suit, and not by one who is not a party though he may be bound ultimately to respond to the judgment rendered in the proceeding. The act of 1950 (Ga. L. 1950, p. 62; Code, Ann. Supp., § 95-1619), which · provides that all suits against the State Highway Department as to ex delicto cases shall be brought in the county where the cause of action arose, has no application here, and therefore we need not consider the constitutional validity of the act, for the reason that this act applies only in cases where the State Highway Department is an actual party to the cause of action against it. Here the action is against Charlton County, which is charged with being a joint tortfeasor with Seaboard Construction Company, which is subject to the jurisdiction of Glynn Superior

Court, and may properly be joined in the suit against the construction company in Glynn Superior Court under art. 6, sec. 14, par. 4 of the Constitution (Code, Ann., § 2-4904), which provides that an action against joint tortfeasors residing in different counties may be brought in the county where any one defendant resides. *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870) ; *Albany Coca-Cola Bottling Co.* v. *Shiver,* 63 *Ga. App.* 755 (12 S. E. 2d 114).

It follows that the court erred in denying the plaintiff's motion to strike the name of the State Highway Department, vouchee, as a party from all defensive pleadings filed by Charlton County, and erred in denying the plaintiff's motion to strike the plea to the jurisdiction, and in sustaining such plea.

■ We consider next the order of the court sustaining the general and special demurrers of Seaboard Construction Company and dismissing the action against it. In our opinion this judgment was correct, because the petition fails to show that the construction company was guilty of any breach of duty towards the plaintiff that proximately caused, or contributed concurrently with the alleged negligence of the county to, the plaintiff's injuries. The petition alleges that the county built the bridge and approaches on the highway thereto claimed to be defective, and up to the time the plaintiff was injured the county had maintained it as a part of the traveled highway. The defect alleged was that the wooden bridge was below the paved surface of the road as one approached the bridge on the highway, and was defective by reason of an abrupt depression about 9 feet below the paved, traveled surface of the highway, caused by reason of fills and embankments being constructed about 9 feet higher than the floor of the bridge; and that the presence of the depression or sudden decline of the road could not be discovered by a person driving an automobile southwardly, using ordinary care, until it was too late to avoid running into the depression in the road and causing the automobile to get out of control by running into the depression near the bridge. The county was charged with negligence, in (a) maintaining the bridge at a level approximately 9 feet below the level of the paved road adjoining the depression; (b) maintaining on the highway a defective bridge; and (c) not placing near the defective bridge signs or warnings as to the danger of traveling over the same.

The only act of negligence charged against Seaboard Construction Company was "In not placing, or causing to be placed at or near said highway and within reasonable proximity to said defective bridge any sign, flare, barricade or other form of notice, warning those traveling such highway in motor vehicles of the existence of such defective bridge and the dangers thereof in traveling over the same." There is no allegation that the construction company had anything to do with the construction of the bridge or the approaches on the highway thereto, or had done any act that caused or created the sudden depression in the highway near the bridge. Though the petition alleges that the construction company was under a contract to pave a section of the road on which the alleged defective bridge was located, it is not alleged that the company was doing any paving or any work at or near where the alleged depression existed. It was not alleged that the company had done any work on the bridge, or had contracted to do any work on it as to its repair or maintenance. The allegation in paragraph 10 of the petition, that "a legal duty was imposed on the Seaboard Construction Company, while it was in charge and control of said part of said highway for said purpose, to place, or cause to be placed, signs, flares or barricades along and near said portion of said highway, where same could be readily seen, warning anyone using or traversing on said portion of said highway in motor vehicles, of the existence of any dangerous defective bridge in such portion of such highway and to place or cause to be placed such signs, flares or barricades within reasonable proximity of where such defective bridge is located, so as to enable such travelers to slow down or stop their motor vehicles in order to avoid injuring themselves in crossing such bridge," is a legal conclusion, unsupported by alleged facts which show that the company was under any legal duty to place warning signs or notices to warn the public of the defective condition of the bridge; but it appears from the petition that this defective condition was caused by the county and not by the construction company. The fact that the company had control and charge of paving the highway, and that a portion of the highway was left open for vehicular traffic, did not impose any duty upon the company to post warning signs on the highway of the defective condition of the bridge, which had existed for a

930

long period of time prior to the time the company began its work of paving the road. Though a contractor must protect the public from dangerous conditions in the highway resulting from his work, no duty aside from statute is imposed upon him to protect the traveling public against dangerous or defective conditions of the highway caused by others. See Burroughs *v.* Lane Const. Corp., 77 N. H. 124 (88 Atl. 1001); Mahoney *v.* Sharp, 86 Ind. App. 180 (156 N. E. 566); Myers *v.* Sanders, 189 Miss. 198 (194 So. 300); Dunn Const. Co. *v.* Nail, 192 Miss. 793 (7 So. 2d 884); Vanderwall *v.* Goodwin, 338 Mich. 109 (60 N. W. 2d 916).

The petition failing to allege actionable negligence against Seaboard Construction Company, it was not error to sustain its general demurrers and dismiss the action as to it. See *Quinn* v. *Ga. Power Co.,* 51 *Ga. App.* 291 (180 S. E. 246); *Tollison* v. *Ga. Power Co.,* 53 *Ga. App.* 795 (187 S. E. 181); *City of Quitman* v. *Elder,* 55 *Ga. App.* 460 (190 S. E. 445); *McCrory Stores Corp.* v. *Ahern,* 65 *Ga. App.* 334 (15 S. E. 2d 797).

■ In an action against a resident defendant and a nonresident defendant, where the general demurrer of the resident defendant is sustained and the action dismissed as to such party, the court is without jurisdiction to pass on the merits of the nonresident's demurrers, and should dismiss the action against the nonresident for want of jurisdiction. *Moore* v. *Atlanta Joint Stock Land Bank,* 176 *Ga.* 697 (6) (168 S. E. 558); *Thomas* v. *Stedham,* 208 *Ga.* 603 (3) (68 S. E. 2d 560). Direction is given that the trial court, on return of the remittitur in this case, vacate its order sustaining the general demurrer of Charlton County, and enter an order dismissing the action against it for want of jurisdiction.

The plaintiff in error having obtained a substantial modification of the judgments of the lower court, it is ordered that Charlton County, one of the defendants in error, be taxed with both the costs in this court and the costs in the lower court for the bringing of the case to this court.

*Judgments reversed in part and affirmed in part, with direction. All the Justices concur.*